**John Eric HUGHES, Appellant**

v.

**Dennis KNIEBLHER; Brian Kokotajlo; Carol Morton; Wright; Manuel Calaguio; Pradip Patel; John Chung, individually and in their official capacities.**

No. 09–2177.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 July 2, 2009.

Opinion filed: July 27, 2009.

---

750

John Eric Hughes, Fort Dix, NJ, pro se.

John Andrew Ruymann, Esq., Office of United States Attorney, Trenton, NJ, for Appellee.

Before: RENDELL, HARDIMAN and VANANTWERPEN, Circuit Judges.

## OPINION

PER CURIAM.

John Eric Hughes, an inmate at FCI Fort Dix, appeals from an order of the District Court granting summary judgment in favor of the defendants in this pro se *Bivens* action.[1] For the reasons that follow, we will summarily affirm.

In April 2004, Hughes was a part of a work crew that stripped the floors of the prison laundry room. He claims that inhalation of the fumes from the stripping chemicals aggravated his Tourette's Syndrome and caused him physical and emotional injury. Hughes complained about the fumes and was transferred to a different job, which had a lower pay scale, the following month.

On July 6, 2007, Hughes filed a *Bivens* action against several prison employees at FCI Fort Dix. He alleged that they violated his constitutional rights in several ways. First, he alleged that they conspired to retaliate against him for filing administrative grievances. Second, he alleged that they denied him access to the courts. Third, with regard to the floor-stripping incident, he alleged that two of the defendants denied him access to fresh air and

---

1. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

medical care, and that they were deliberately indifferent to his serious medical needs. Fourth, he alleged that one of the defendants harassed him by searching his property and seizing his legal documents. Finally, he alleged that three of the defendants violated his right to due process by transferring him to a lower-paying job that was inconsistent with his medical status.

All of the defendants moved for summary judgment. By order entered September 22, 2008, the District Court granted defendants' motion, finding that Hughes had failed to exhaust his administrative remedies as to all claims except those relating to the floor-stripping and job transfer incidents. The District Court found that those claims were time barred because they fell outside of the two-year statute of limitations. Hughes filed a timely motion to alter the judgment. *See* Fed.R.Civ.P. 59(e). The District Court denied the motion, and Hughes filed a timely notice of appeal.[2]

## I.

■ The Prison Litigation Reform Act ("PLRA") prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and ... unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). The PLRA's exhaustion requirement applies to *Bivens* claims brought by inmates against prison officials. *Nyhuis v. Reno,* 204 F.3d 65, 69 (3d Cir.2000).

In determining whether a prisoner has met the exhaustion requirement of the PLRA, we look to the prison's procedural rules. *Jones,* 549 U.S. at 218, 127 S.Ct. 910. Bureau of Prison ("BOP") regulations require that the prisoner first attempt to informally resolve the complaint. *See* 28 C.F.R. § 542.13(a). If unable to resolve the complaint in this way, the prisoner must submit a formal written administrative remedy request to the warden within 20 days of the incident in question. *See* § 542.14(a). If the prisoner is unsatisfied with the warden's response, he can file an appeal to the regional director, and then to the general counsel. *See* § 542.15.

Here, according to the undisputed declaration of Moran, the legal assistant of the BOP, the only claims for which Hughes has exhausted his administrative remedies are those relating to the floor-stripping and job transfer incidents. In January 2005, Hughes filed a grievance with the warden alleging that an officer conducted a search of his property and took some of his legal papers. The warden responded by denying relief. Hughes did not appeal that decision. *See Jones,* 549 U.S. at 211, 127 S.Ct. 910. In addition, Hughes did not file grievances alleging that prison officials were conspiring to retaliate against him for filing administrative grievances or for denying him access to the courts. The District Court properly dismissed these unexhausted claims.

## II.

■ The appellees conceded that Hughes exhausted his administrative remedies as to the April 2004 floor-stripping

---

**2.** We have jurisdiction to hear this appeal. 28 U.S.C. § 1291. When reviewing a district court's grant of summary judgment, we exercise plenary review. *Dee v. Borough of Dunmore,* 549 F.3d 225, 229 (3d Cir.2008). Summary judgment is proper, and the moving party is entitled to judgment as a matter of

law, where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, no genuine issue of material fact exists. Fed. R.Civ.P. 56(c); *Kaucher v. County of Bucks,* 455 F.3d 418, 422–23 (3d Cir.2006).

incidents and the May 2004 job transfer.[3] Like civil rights claims brought pursuant to 42 U.S.C. § 1983, the statute of limitations for *Bivens* claims is taken from the forum state's personal injury statute. *Kost v. Kozakiewicz,* 1 F.3d 176, 190 (3d Cir.1993); *see also Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers,* 855 F.2d 1080, 1087 n. 3 (3d Cir.1988) (noting that the same statute of limitations applies to both *Bivens* and § 1983 claims). New Jersey's statute of limitations for personal injury causes of action is two years. N.J. Stat. Ann. § 2A:14–2. The cause of action for *Bivens* claims accrues when the plaintiff knows of or has reason to know of the injury. *Sameric Corp. v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir.1998). Here, as the District Court concluded, Hughes missed the statute of limitations for his exhausted claims. He filed his complaint on July 6, 2007. Claims relating to the floor-stripping incidents (April 2004) and the job transfer (May 2004) fell outside of the two-year limitations period.

## III.

For the foregoing reasons, we conclude that this appeal presents no substantial question. Accordingly, we will summarily affirm the judgment of the District Court. Hughes' motion for appointment of counsel is denied.

---

**3.** In the event that a prisoner complaint contains both exhausted and unexhausted claims, a federal court dismisses only the unexhausted claims. *Jones,* 549 U.S. at 221, 127 S.Ct. 910.